IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANIE LYNN YEARLEY,

      Plaintiff,

v.                                                                                                  No. 1:23-cv-00922-KK

LOVES COUNTRY STORE #285,
BILL MORRISON and
DEREK RUSINEK,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 19, 2023.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely

destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's total monthly income is $439.00; (ii) Plaintiff's monthly expenses total $1,126.27; (iii) Plaintiff has $0.00 in cash and $70.00 in a bank account; and (iv) Plaintiff has a daughter who relies on Plaintiff for support. The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of these proceedings, and because of her expenses exceed her low monthly income.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court cannot not order service at this time because Plaintiff has not provided the address of each Defendant. The Court will order service if Plaintiff files a motion for service which includes the address of each Defendant.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 19, 2023, is **GRANTED.**

(ii)  Plaintiff shall, within 21 days of entry of this Order, file a motion for service which provides the address of each Defendant. Failure to timely file a motion for service may result in dismissal of this case.

*/s/ Kirtan Khalsa*
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**