IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANIE LYNN YEARLEY,

      Plaintiff,

v.                                            No. 1:23-cv-00922-DLM-KK

LOVES COUNTRY STORE #285,
BILL MORRISON and
DEREK RUSINEK,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO APPOINT COUNSEL AND
## ORDER REGARDING SERVICE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion to Appoint Counsel, Doc. 9, filed November 2, 2023, and Plaintiff's Motion for Service, Doc. 10, filed November 2, 2023.

**Motion to Appoint Counsel**

Plaintiff asks the Court to appoint counsel stating "I am not able to afford [an] attorney." Motion to Appoint Counsel at 1.

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed

counsel. *See* 28 U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation. Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case.

The Court denies Plaintiff's Motion to Appoint Counsel. The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

**Motion for Service**

Plaintiff is proceeding *in forma pauperis* pursuant to Section 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court notified Plaintiff it cannot not order service because Plaintiff had not provided the address of each Defendant and stated the Court will order service if Plaintiff files a motion for service which includes the address of each Defendant. *See* Order 2, 4, Doc. 5, filed October 20, 2023. Plaintiff's Motion for Service includes the address of each Defendant.

Because Plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court orders the Clerk of the Court to notify Defendants, at the addresses provided by Plaintiff in her Motion for Service, that an action has been commenced and request that Defendants waive service pursuant to Fed. R. Civ. P. 4(d).

**IT IS ORDERED** that:

(i)   Plaintiff's Motion to Appoint Counsel, Doc. 9, filed November 2, 2023, is **DENIED.**

(ii)  Plaintiff's Motion for Service, Doc. 10, filed November 2, 2023, is **GRANTED.**

(iii) The Clerk of the Court notify Defendants that an action has been commenced and request that Defendants waive service pursuant to Fed. R. Civ. P. 4(d). The notice shall include a copy of this Order, a waiver of service form, and a copy of Plaintiff's Complaint, Doc. 1, filed October 19, 2023. The Clerk shall mail the notice, waiver of service form, a copy of this Order and a copy of the Complaint to Defendants at the following addresses:

Loves Country Store #285
1028 NM 156
Santa Rosa, NM 88435

Bill Morrison
Loves Country Store #285
1028 NM 156
Santa Rosa, NM 88435

Derek Rusinek
Loves Country Stores Corporate Office
10601 N. Pennsylvania Ave.
Oklahoma City, OK 73120

If the docket shows that any Defendant did not return the waiver within 45 days after mailing of the notice, waiver form, and copy of the Amended Complaint, then Plaintiff shall file a motion requesting that officers of the Court serve a copy of the summons and Amended Complaint on those Defendants.

*Kirtan Khalsa*
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**